United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States Sugar Corporation, Plaintiff, <br><br> v. <br><br> Commerce and Industry Insurance Company, Defendant. | ) ) ) ) ) ) ) ) ) ) Civil Action No. 22-21737-Civ-Scola |

## Order

This matter is before the Court on the expedited motion to amend scheduling order and continue trial filed by Defendant Commerce and Industry Insurance Company ("C&I"). (Mot., ECF No. 44.) Plaintiff United States Sugar Corporation ("US Sugar") has responded in opposition. (Resp., ECF No. 46.) After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **denies** C&I's motion. (**ECF No. 44**.)

### 1. Background

This matter consists of a dispute between and insurer, C&I, and its insured, US Sugar, regarding US Sugar's claims to reimbursement of its attorneys' fees and expenses incurred defending a putative class-action lawsuit relating to US Sugar's practice of pre-harvest sugarcane burning (the "Underlying Lawsuit"). (Compl. ¶¶ 1-11, ECF No. 1.) The Court has previously found that, under the terms of the insurance policy that US Sugar held with C&I, C&I was obligated to defend US Sugar for any expenses that arose beyond a $1,000,000 self-insured retention limit in the policy. (Order Granting in Part Mot. for J. on Pleadings, ECF No. 42.) Now, the remaining issue in this matter is the determination of the actual US Sugar's expenses incurred defending the Underlying Lawsuit.

On September 26, 2022, the parties submitted their joint discovery plan and conference report to the Court, in accordance with the Court's order requiring the same. (Jt. Rep., ECF No. 14.) In their report, the parties jointly requested that the Court set this matter on its expedited case management track. (*Id.* § I(B)). The parties additionally identified in their report that they anticipated that discovery would relate to "the attorneys' fees and costs for which [the] Plaintiff seeks reimbursement." (*Id.*) In their report, the parties agreed to a fourteen-week deadline after the date of the entry of the Court's anticipated scheduling order by which fact discovery would conclude. (*Id.* Attach. A.) The next day, the Court entered its scheduling order adopting the parties' jointly requested

case management schedule, including a fourteen-week discovery cutoff. (Sched. Order, ECF No. 16.) That fourteen-week deadline set the discovery cutoff date as January 3, 2023. (*Id.*)

Despite explicitly requesting an expedited schedule and a discovery period of fourteen weeks, neither of the parties sought discovery until late November 2022. (Resp. at 8.) The parties' deliberate choices not to seek discovery until the end of November meant that their discovery responses were due to each other at the end of December—<u>less than two weeks</u> before the close of fact discovery. (Mot. at 5 ¶ 10.) As might be expected, C&I was unhappy with US Sugar's (timely) discovery responses. (*Id.* at 6 ¶ 13.) In its responses, US Sugar took the position that it would not produce any documents relating to its expenses in the Underlying Lawsuit until a protective order had been approved by the Court, because the invoices and other associated documents contain information subject to attorney-client privilege, the attorney work product doctrine, or other confidentiality concerns relating to US Sugar's business operations.[1] (Resp. at 5-6.) Instead of resolving an agreed confidentiality order between December 21 and January 3, the parties dithered on settling the precise terms of the order. (*Id.*) Indeed, by the time C&I filed its expedited motion—and as of the date the Court enters this order—the parties still have not filed a proposed confidentiality order for Magistrate Judge Goodman to approve.

Rather than confer with US Sugar regarding any perceived deficiencies in US Sugar's discovery responses or the terms of a confidentiality order, C&I filed its expedited motion to amend the scheduling order on the final day of the discovery period. (Mot. at 1; Resp. at 6, Ex. B, Ex. C.) Having waited until the literal eleventh hour of the discovery period it jointly requested, and without having attempted to confer with the Plaintiff before the discovery deadline expired, Defendant C&I now asks the Court to extend the discovery period—and the trial date—for an additional ninety days. (Mot. at 11; Resp. at 3.) Predictably, US Sugar objects, arguing that the delays C&I offers to support its request are of C&I's own doing. (Resp. at 1-3.)

### 2. Legal Standards

Federal Rule of Civil Procedure 16(b)(3)(A) requires district courts to issue a scheduling order in all cases that sets the deadline by which the parties must complete discovery. The scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16's good cause

---

[1] The Court makes no determinations or findings regarding the sufficiency of any party's discovery responses in this order. Rather, any and all discovery disputes are to be resolved by Magistrate Judge Goodman, consistent with the Court's order requiring discovery and scheduling conference and referring discovery matters to the magistrate judge (ECF No. 3) and Magistrate Judge Goodman's discovery procedures order (ECF No. 4.)

standard requires a party seeking an amendment to a scheduling order to demonstrate that "the schedule cannot be met despite the diligence of the party seeking the extension." *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1233 (11th Cir. 2008) (citation omitted). Further, "although a district court may extend the discovery deadline, it is under no obligation to do so, and holding parties to the clear terms of a scheduling order generally does not amount to an abuse of discretion." *Rowell v. Metro. Life Ins. Co.*, 579 F. App'x 805, 807 (11th Cir. 2014) (citing *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011)).

### 3. Analysis

The Court's analysis here begins and ends with C&I's lack of diligence in pursuing discovery. As US Sugar points out, and supports with exhibits detailing the parties' communications relating to discovery requests underlying this dispute, C&I created the circumstances of which it now complains. (Resp. at 1-3; Resp. Exs. A-D.) C&I chose to wait to issue its discovery requests until late November 2022, when the discovery period started roughly two months earlier, in late September 2022. (*Id.* at 1-2.) C&I sought this last-minute extension without seeking to resolve the underlying issues relating to US Sugar's production with US Sugar first. (*Id.*) And C&I chose the course of action it pursued with full awareness of the deadlines in an expedited schedule that <u>C&I itself requested</u>. (Jt. Rep. § I(B).)

In other words, C&I fails to demonstrate that the original discovery deadline in this matter could not be met despite C&I's diligence. *Oravec*, 527 F.3d at 1218; *Rowell*, 579 F. App'x at 807; *Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 686 (11th Cir. 2013) ("We cannot conclude that the district court abused its discretion by denying the motion to extend discovery after [the appellant's] considerable delay in even beginning the discovery process."). The Court is therefore under no obligation to extend the discovery deadline in the Scheduling Order and will not do so here.

Nevertheless, the Court will make two minor adjustments to the Scheduling Order in light of the potential problems raised by the parties' failure to come to an agreement on the terms of a proposed confidentiality order relating to US Sugar's pending production. First, the parties must submit a proposed confidentiality order for Magistrate Judge Goodman's approval no later than **January 13, 2023**. The Court also extends the deadline for the parties to file dispositive motions to **January 20, 2023**, so that the parties may address any documents produced by US Sugar after the entry of a confidentiality order. The other deadlines in the Scheduling Order remain in full effect. (ECF No. 16.)

### 4. Conclusion

For the reasons stated above, the Court **denies** C&I's expedited motion to amend scheduling order and continue trial. (**ECF No. 44**.) The parties must submit a proposed confidentiality order for Magistrate Judge Goodman's approval no later than **January 13, 2023**. The deadline for the submission of dispositive motions is extended to **January 20, 2023**. The deadlines established in the Scheduling Order (ECF No. 16) otherwise remain in effect.

**Done and ordered** in Miami, Florida, on January 10, 2023.

Robert N. Scola, Jr.
United States District Judge