United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States Sugar Corporation,  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>Commerce and Industry Insurance  )<br>Company, Defendant.  ) | Civil Action No. 22-21737-Civ-Scola |

## Order Granting Motion to Withdraw

Attorneys Jason Margolin, Matthew Schroeder, Elliot Strader, and Xakema Henderson, of the law firm of Akerman LLP, have moved to withdraw as counsel for the Defendant, Commerce and Industry Insurance Company ("C&I"). (Am. Mot. to Withdraw, ECF No. 95.) The Plaintiff, United States Sugar Corporation ("US Sugar") has responded in opposition. (Resp., ECF No. 99.) C&I has timely replied. (Reply, ECF No. 104.) Having reviewed the briefing, the record, and the relevant legal authorities, the Court **grants** the motion (**ECF No. 95**).

An attorney's request to withdraw from the representation on non-mandatory grounds is governed by Rule 4-1.16(b) of the Rules Regulating the Florida Bar. That Rule provides, in part, as follows:

> [The] lawyer may withdraw from representing a client if:
>
> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> (2) the client insists upon taking action that the lawyer considers repugnant, imprudent, or with which the lawyer has a fundamental disagreement;
>
> (3) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (4) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (5) other good cause for withdrawal exists.

Counsel explains that "C&I has retained separate counsel." (Mot. To Withdraw at 1.) Withdrawal in this case is therefore supported by paragraphs (1) and (5). And "[p]ermission to withdraw pursuant to Florida Bar Rule 4-1.16,

while always within the discretion of the trial court, is proper if the attorney can show that the withdrawal will not prejudice the client." Portnoy v. United States, 811 F. App'x 525, 531 (11th Cir. 2020) (cleaned up).

US Sugar objects to the withdrawal, arguing that C&I's new counsel from Dentons US LLP have conflicts that prevent them from representing C&I in the instant action. US Sugar does not provide any evidence supporting its allegation of a conflict, however, and it has not filed an affirmative motion to disqualify the attorneys from Dentons who would be representing C&I. (Resp. at 1-6.) Nor does US Sugar argue that it intends to file such a motion. (*Id.*) US Sugar's objections therefore do not support the Court denying the motion to withdraw.

Accordingly, the Court **grants** the motion (**ECF No. 95**). The Court **further orders**:

1. Attorneys Jason Margolin, Matthew Schroeder, Elliot Strader, and Xakema Henderson, of the law firm of Akerman LLP, are **discharged** as counsel of record in this case for the Defendant.

2. The Court directs the Clerk to **update the docket** to reflect the termination of the discharged attorneys listed in paragraph 1.

3. The Defendant will continue to be represented by attorneys Leandra Lopez, Keith Moskowitz, and Timothy Storino, of the law firm of Dentons US LLP.

**Done and ordered**, in Miami, Florida, on May 15, 2023.

_____
Robert N. Scola, Jr.
United States District Judge