United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States Sugar Corporation, Plaintiff, <br><br> v. <br><br> Commerce and Industry Insurance Company, Defendant. | ) ) ) ) ) Civil Action No. 22-21737-Civ-Scola ) ) ) ) |

### Order

    This matter is before the Court on the motion for leave to amend complaint filed by Plaintiff United States Sugar Corporation ("US Sugar"). (Mot., ECF No. 83.) Defendant Commerce and Industry Insurance Company ("C&I") has responded in opposition. (Resp., ECF No. 97.) US Sugar has timely replied. (Reply, ECF No. 109.) After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **denies** US Sugar's motion, albeit **without prejudice**. (**ECF No. 83**.)

    US Sugar seeks to amend its complaint in this insurance breach-of-contract action to raise claims for statutory and common-law bad faith against C&I, its former general liability insurer, relating to C&I's failure to defend US Sugar in an underlying lawsuit under the terms of US Sugar's insurance policy. (Mot. at 1-2.) US Sugar seeks to raise its bad faith claims now because the Court has determined that C&I did owe US Sugar a duty to defend in that underlying lawsuit, and C&I has made partial payment to US Sugar based on the Court's prior orders in this matter. (*Id.*) C&I, in response, argues that amendment would be futile because (among other arguments) US Sugar's bad-faith claims are not yet ripe for the Court's review. (Resp. at 7-10.) US Sugar replies that amendment is not futile and its bad-faith claims are ripe because the Court has already determined liability; the Court need not determine the extent of US Sugar's damages before permitting amendment. (Reply at 7-8.)

    C&I is correct: US Sugar's bad-faith claims are not ripe (yet). Florida courts generally hold that a full determination of damages must be made on a breach of contract claim before bad-faith claims are ripe against an insurer. *See, e.g., Fridman v. Safeco Ins. Co. of Ill.*, 185 So. 3d 1214, 1222 (Fla. 2016) (observing "that the determination of liability and full extent of the insured's damages must be determined before litigating the bad faith action."); *see also Royale Green Condo. Ass'n, Inc. v. Aspen Spec. Ins. Co.*, No. 07-21404-CIV, 2008 WL 540742, at *2 (S.D. Fla. Feb. 25, 2008) (Cooke, J.) (abating bad-faith claims pleaded alongside breach of contract claim where insurer had conceded some liability on

claim but "[t]he existence of liability beyond the amount conceded, and the extent of damages beyond that same amount, must be determined before [the plaintiff] can proceed with its statutory bad faith claims.").

While the Court has decided the issue of liability, it has not resolved the extent of US Sugar's damages. (*See* ECF Nos. 42, 76.) In fact, at the Plaintiff's request, the Court has recently reopened the dispositive motions deadline to address this very issue. (ECF No. 112.) Therefore, it would be premature for US Sugar to amend its complaint to add bad faith claims while the extent of US Sugar's damages have yet to be determined. *See Fridman*, 185 So. 3d at 1222.

Accordingly, the Court **denies** US Sugar's motion for leave to amend its complaint to bring bad faith claims because those claims are not yet ripe. (**ECF No. 83**.) This denial is without prejudice to US Sugar's right to seek amendment once any bad faith claims it desires to raise have become ripe.

**Done and ordered** in Miami, Florida, on May 17, 2023.

_____
Robert N. Scola, Jr.
United States District Judge