THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

UNITED STATES SUGAR CORPORATION,

       *Plaintiff*,

v.

COMMERCE AND INDUSTRY INSURANCE
COMPANY,

       *Defendant*.

CASE NO.: 1:22-cv-21737-RNS
793578

_____/

## U.S. SUGAR'S VERIFIED MOTION FOR ATTORNEYS' FEES AND EXPENSES AND PRE- AND POST-JUDGMENT INTEREST

Plaintiff, United States Sugar Corporation ("U.S. Sugar"), pursuant to Fed. R. Civ. P. 54(d)(1) and (2), S.D. Fla. Local Rule 7.3, and this Court's Order on Cross-Motions for Summary Judgment (ECF No. 145), moves for attorneys' fees and expenses and pre- and post-judgment interest in favor of Plaintiff and against Defendant Commerce and Industry Insurance Company ("AIG"). In further support of its motion, U.S. Sugar attaches the Declaration of Cary D. Steklof, Esq. ("Steklof Decl.") as Exhibit A, and in support thereof, states as follows:

## I.    Introduction

On August 3, 2023, this Court ruled that U.S. Sugar is entitled to $6,529,005.82 in defense expenses incurred in the underlying case because AIG breached its duty to defend under the insurance policy it issued to U.S. Sugar (the "Policy"). ECF No. 145.[1] In the same Order, this Court ruled that "US Sugar may raise its reserved requests for pre- and post-judgment interest and its reasonable attorneys' fees and costs in this action by separate motion." *Id*. Accordingly, U.S. Sugar files this motion.[2]

U.S. Sugar requests that it be awarded $1,597,907.33 in prevailing party attorney's fees and expenses under Fla. Stat. § 627.428, which reflects the attorney's fees ($1,526,593.40) and expenses ($71,313.93) that U.S. Sugar incurred for hours worked from February 1, 2023 through August 2, 2023.[3]  As set forth herein, the fees paid are reasonable.[4] The rates that U.S. Sugar's

---

[1] Because AIG already reimbursed $2,072,453.32 of U.S. Sugar's defense expenses and those expenses are subject to the Policy's $1,000,000 Self-Insured Retention, the Court held that "US Sugar is entitled to judgment in the amount of $3,456,552.50" against AIG. ECF No. 145 at 12.

[2] U.S. Sugar filed a separate bill of costs and supporting memorandum of law pursuant to Local Rule 7.3(c). ECF No. 147. AIG agreed to pay the amounts sought in U.S. Sugar's bill of costs. ECF No. 148. This motion does not seek to recover any of the taxable costs that were separately addressed in the bill of costs.

[3] U.S. Sugar is not seeking its reasonable attorneys' fees or costs for work performed from the inception of this coverage litigation through January 31, 2023 (totaling $533,738.08) because AIG already paid this amount after its corporate representative was deposed and the insurer conceded responsibility for U.S. Sugar's attorneys' fees and costs by letters dated March 17 and 20, 2023. AIG voluntarily paid U.S. Sugar's prior fees without any request for the invoices supporting same.

[4] U.S. Sugar has paid all fees requested in this motion for the exception of the fees incurred on August 1-2, 2023.

1

coverage counsel, Hunton Andrews Kurth ("Hunton") charged are the prevailing market rates in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. Further, as evidenced by Hunton's invoices for the fees sought, the hours expended are reasonable because they are not excessive, redundant, or otherwise unnecessary. Accordingly, U.S. Sugar respectfully requests that the Court enter an award of $1,597,907.33 for the fees and expenses it incurred. U.S. Sugar also requests that the Court award it fees incurred in bringing this Motion, fees which exponentially increased due to AIG's actions.

Further, U.S. Sugar seeks pre-judgment interest on the amount awarded in this Court's Order on Cross-Motions for Summary Judgment. As discussed below, pre-judgment interest on the Court's award should begin to accrue on the date that each invoice in the underlying lawsuit was due. Similarly, U.S. Sugar seeks to recover pre-judgment interest on any attorneys' fees awarded pursuant to this motion, for which interest began accruing on August 3, 2023, the date of this Court's Order on Cross-Motions for Summary Judgment as that is the day U.S. Sugar became entitled to its attorneys' fees.

Finally, U.S. Sugar seeks post-judgment interest on the final judgment the Court will enter.

## II.  Relevant Background[5]

### A.  AIG's Litigation Conduct Significantly Increased U.S. Sugar's Attorney's Fees.

AIG's initial coverage position was that U.S. Sugar's defense expenses did not count toward exhaustion of the $1 million self-insured retention. U.S. Sugar promptly filed a Motion for Partial Judgment on the Pleadings to efficiently resolve this dispute over the Policy language. ECF No. 13. On December 2, 2022, the Court ruled in U.S. Sugar's favor. ECF No. 42.

---

[5] For a more complete summary of this case, *see* ECF No. 154 at 1-3.

Rather than honor its contractual obligations, AIG took the Court's Order as an invitation to advance any conceivable excuse to avoid paying and, in the process, exponentially increased U.S. Sugar's litigation fees and costs.

Three-and-a-half years after U.S. Sugar submitted its claim, AIG filed a Motion for Partial Summary Judgment raising a new coverage argument. ECF No. 53. AIG's new position was that it had no duty to defend U.S. Sugar against two of the amended complaints in the Underlying Lawsuit. However, AIG admitted the opposite under oath. ECF No. 68. Nonetheless, AIG filed the motion, and U.S. Sugar was forced to brief its response. U.S. Sugar prevailed. ECF No. 76.

Despite the Court's orders and its recognition that it breached its duty to defend, AIG continued to drag U.S. Sugar toward a costly, time-consuming trial. AIG's actions required the parties to fully brief pre-trial motions, submit proposed jury instructions, submit proposed pre-trial stipulations, designate depositions, prepare witnesses for trial, prepare for cross-examination of witnesses, and develop a comprehensive trial strategy.

At the eleventh hour, AIG filed a unilateral proposed pre-trial stipulation on April 28, 2023, interjecting yet another new coverage defense. ECF No. 91 at p. 6. In order to address AIG's new defense, U.S. Sugar was forced to seek leave to file its Expedited Motion for Extension of Dispositive Motion Deadline and Request for Expedited Briefing. ECF No. 101. This motion was promptly granted just one week before trial was scheduled to begin. Nearly a month later (and once again, just over a month before trial was rescheduled to start), AIG filed a Motion for Leave to File a Cross Motion For Summary Judgment (its second motion for summary judgment in the case). ECF No. 124. The Court granted leave and U.S. Sugar filed its opposition, ECF No. 140, while still preparing for trial. On August 3, 2023, the Court granted in part and denied in part each

parties' summary judgment motion and held that U.S. Sugar was entitled to $6,529,005.82 in defense expenses for the underlying suit. ECF No. 145 at p. 12.

AIG continues to increase the fees related to this lawsuit and the instant fee motion. As discussed below, AIG failed to comply with Local Rule 7.3(b) by not "describ[ing] in writing and with reasonable particularity each time entry or nontaxable expense to which it objects" within 21 days after U.S. Sugar served its draft fee motion on AIG (or even, to date). AIG's conduct has prevented the parties from resolving any of the issues raised and necessitates the instant motion.[6]

### B. AIG's Acknowledgment that it Owed U.S. Sugar Fees Under Fla. Stat. § 627.428 and Made a Partial Payment of Fees and Expenses.

Despite its coverage position and then pending motion, AIG wrote a letter to U.S. Sugar on March 17, 2023 (ECF No. 75-1) in which it admitted responsibility for over $2.4 million of U.S. Sugar's Defense Expenses incurred in the Underlying Lawsuit. AIG also agreed to pay U.S. Sugar's coverage counsel's fees and expenses in the instant litigation incurred up to that point – the fees and expenses owed under Fla. Stat. § 627.428 to a prevailing insured.

On April 18, 2023, AIG issued payment for U.S. Sugar's coverage counsel's fees and expenses for hours worked through January 31, 2023. AIG refused to reimburse U.S. Sugar for any further fees and expenses. Thus, this motion seeks the coverage fees and expenses that U.S. Sugar paid for work performed from February 1, 2023 to August 2, 2023 ($1,597,907.33).

---

[6] Additionally, AIG filed an Expedited Motion to Compel (ECF No. 149) in which it asks the Court to compel U.S. Sugar's invoices for fees that AIG voluntarily paid months ago. There is no reason that this motion had to be filed on an expedited basis, let alone filed at all. AIG claims that it needs these invoices in order to assess the amount of fees U.S. Sugar is now seeking, which is for fees incurred after Feb. 1, 2023; however the demanded invoices are for pre-Feb. 1, 2023 work that AIG voluntarily paid long ago without requesting any invoices. Assuming AIG in fact needs these invoices (it does not), AIG's lack of diligence in seeking these invoices is not a basis to expedite motion practice. U.S. Sugar will address the merits (or lack thereof) of AIG's motion to compel in its opposition.

### III.    Argument

### A.    AIG Waived Its Objections to the Attorneys' Fees U.S. Sugar Seeks.

The Court should grant U.S. Sugar's motion because AIG failed to comply with the requirements of Local Rule 7.3(b). Pursuant to L.R. 7.3(b), AIG was required, within twenty-one (21) days of service of U.S. Sugar's draft motion, to "describe in writing and with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority." S.D. Fla. L.R. 7.3(b). AIG was required to provide that information by September 22, 2023. AIG failed to do so. Instead, on September 22, 2023, AIG emailed U.S. Sugar and only stated:

> [AIG] will not contest that U.S. Sugar is the prevailing party, as that issue relates to U.S. Sugar's motion for attorneys' fees, but contests the amount sought by U.S. Sugar. Further, [AIG] maintains that U.S. Sugar is not entitled to recover fees incurred for issues on which it did not prevail and for issues that were irrelevant to this breach of contract case.

Steklof Decl. as Exhibit D at 17. AIG did not provide any additional information, let alone identify "with reasonable particularity each time entry or nontaxable expense to which it objects" as required by the Local Rule. U.S. Sugar notified AIG of AIG's noncompliance with the Rule after the Rule's deadline for AIG had passed.

Then, on September 29, 2023 at 3:04 PM – one business day before the instant motion was due – AIG emailed U.S. Sugar and identified broad categories of time it objects to but still failed to identify "each time entry or nontaxable expense to which it objects." Steklof Decl., Exhibit D at 63-65. Further, AIG fails to describe "with reasonable particularity" why it is objecting to these categories of time entries. For example, AIG states that it "intends to contest U.S. Sugar's request for fees where the timekeepers engaged in block billing and vague narratives." However, AIG does not identify a single time entry that purportedly fits that description. Thus, AIG's belated attempt to comply with Local Rule 7.3(b) falls short. Indeed, the timing of AIG's belated compliance

5

attempt also defeats the purpose of Local Rule 7.3, which is to "provide[] a mechanism to assist parties in resolving attorneys fee and costs disputes by agreement." S.D. Fla. L.R. 7.3(a).

Accordingly, AIG's failure to comply with Local Rule 7.3(b) is "grounds for granting [U.S. Sugar's] requested amount of fees in full." *Club Madonna, Inc. v. City of Miami Beach*, 2015 WL 5559894, at *9 (S.D. Fla. Sept. 22, 2015) (holding "that [respondent] waived their objections to the [petitioner's] fee request . . .by failing to comply with Local Rule 7.3(b)"); *Taverna Imports, Inc. v. A&M Wine & Spirits, Inc.*, 2019 WL 12446711, at *5 (S.D. Fla. Oct. 2, 2019) (holding that Magistrate Judge Goodman did not abuse discretion in holding that respondent waived objections to fee petition for noncompliance with Local Rule 7.3(b)); *Norych v. Admiral Ins. Co*., 2010 WL 2557502, at *2 (S.D. Fla. June 23, 2010) (denying motion because movant admitted that it did not comply with Local Rule 7.3(b)'s 30–day service requirement or 21–day conferral requirement).

**B.    The Court Should Award U.S. Sugar the Attorneys' Fees and Expenses Incurred in Litigating this Suit.**

**i.    The Court's Order on Cross-Motions for Summary Judgment Entitles U.S. Sugar to Fees Under Fla. Stat. § 627.428.**

Pursuant to this Court's Order (ECF No. 145), U.S. Sugar is entitled to recover its attorneys' fees and expenses under Florida Statute § 627.428. AIG does not dispute that U.S. Sugar is the prevailing party in this action. Steklof Decl., Ex. D at 17.

Nonetheless, AIG informed U.S. Sugar that it "maintains that U.S. Sugar is not entitled to recover fees incurred for issues on which it did not prevail and for issues that were irrelevant to this breach of contract case." AIG misinterprets the statute (Fla. Stat. § 627.428).[7] Florida law is

---

[7] In its September 29, 2023 email, AIG argues that *Hensley v. Eckerhart*, 461 U.S. 424 (1983), *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988), and *Bd. of Regents v. Winters*, 918 So. 2d 313 (Fla. 2d DCA 2005) supports its position that U.S. Sugar is not entitled to fees for issues that it did not prevail on. Steklof Decl., Ex. D at 63-65. However, these cases are easily distinguishable because they do not contemplate an insured's entitlement to fees under Fla. Stat. § 627.428. *See e.g. Danis*, 645 So.2d at 421; *Shazam*, 336 So.3d 438; *Hallandale Chiropractic*, 79 So.3d at 868.

clear: under Fla. Stat. § 627.428, a policyholder is entitled to its attorneys' fees for the **entire coverage action** even if it succeeds on some of its claims and not others. *See e.g.*, *Danis Indus. Corp. v. Ground Improvement Techs., Inc.*, 645 So. 2d 420, 421 (Fla. 1994) (holding that an insured who prevails is entitled to fees even if the insurer "prevails on some but not all of the issues") (emphasis added); *Shazam Auto Glass, LLC v. GEICO Gen. Ins. Co*., 336 So. 3d 436, 438 n.5 (Fla. 2d DCA 2022) (same); *Hallandale Chiropractic Ctr. v. United Auto. Ins. Co.*, 79 So. 3d 868, 868 (Fla. 4th DCA 2012) (same). Thus, AIG's position that U.S. Sugar is not entitled to recover fees incurred for issues on which it did not prevail is contrary to Florida law.

**ii.       U.S. Sugar Seeks $1,597,907.33 in Fees and Expenses.**

U.S. Sugar seeks to recover $1,597,907.33, which reflects U.S. Sugar's reasonable coverage counsel's fees ($1,526,593.40) and expenses ($71,313.93) for services performed from February 1, 2023 through August 2, 2023. Steklof Decl. at ¶¶ 6,8. In the relevant fee agreement, U.S. Sugar agreed to pay Hunton's standard rates with a 10% discount. Steklof Decl. at ¶ 12.

Additionally, U.S. Sugar seeks the fees it has incurred and will incur in seeking the relief sought in this motion. *Norelus v. Denny's*, 628 F.3d 1270, 1301 (11th Cir. 2010) ("Like other courts, we have allowed parties to recover the cost of establishing their right to, and the amount of, attorney's fees—the right to fees-on-fees."). U.S. Sugar has attempted to confer with AIG regarding its entitlement to fees and the amount sought, but AIG has failed to inform U.S. Sugar of the specific time entries it contends U.S. Sugar is not entitled to or provided reasoning for same. Even in AIG's September 29, 2023 email, AIG contends that U.S. Sugar is not entitled to its attorneys' fees for several broad categories or topics of time worked. Steklof Decl., Ex. D at 63-65. Thus, AIG's conduct necessitates the instant motion and the fees associated with same.

7

### iii.   U.S. Sugar Chose Experienced Counsel for this Coverage Case in Light of AIG's Litigious Position and Novel Coverage Arguments.

U.S. Sugar chose experienced insurance coverage counsel to litigate this case. Hunton is an international law firm that has a specialty practice group dedicated to representing policyholders in disputes against their insurers. The lawyers that worked on this case dedicate 100% of their practice to insurance coverage law, and the core team of five lawyers that handled this case have over 63 years of combined insurance coverage law experience.  As is detailed below, this group has particular experience representing policyholder clients in insurance claims arising out of underlying environmental lawsuits and environmental incidents. For the team's[8] professional biographies, *see* Steklof Decl., Exhibit C. The team's relevant experience is highlighted below.

**<u>Walter J. Andrews, Esq.</u>:**

Mr. Andrews is a Senior Partner in the Insurance Coverage Practice at Hunton. Mr. Andrews graduated from the University of Chicago Law School in 1982 and has been a partner in various law firms since 1989. He served as the head of the Insurance Coverage Practice at Hunton for 17 years. He has over thirty years of experience in counseling clients on insurance issues and in litigating insurance coverage disputes, having represented both insurers and policyholders in his career. Mr. Andrews has been involved in some of the largest and most significant insurance coverage litigation in the country, including in coverage disputes under liability policies.

In recognition of Mr. Andrews' experience on insurance coverage matters, he was selected and served as the Insurer Chair of the Insurance Coverage Litigation Committee of the American Bar Association from 2001 to 2004. He also served as the Chair of the Insurance Section of the

---

[8] There are other timekeepers that billed minimal hours to this case. These are Partner Kelly Faglioni (14.9 hours), Associates Halyna Hnatkiv (5.9 hours), S. Alice Weeks (5.1 hours), and Senior Paralegal Radoslawa Boczkaj-Gonzalez (6.9 hours). *See* Steklof Decl. as Exhibit C (including their professional biographies).

Federation of Defense and Corporate Counsel from 2008 to 2010. Further, in 2013, Mr. Andrews was selected as an inaugural Fellow of the American College of Coverage Counsel. Mr. Andrews was ranked as Band 1 by Chambers & Partners in Florida: Insurance: Dispute Resolution in 2023.

In addition, in recognition of Mr. Andrews' experience in litigating insurance coverage matters, he has been asked to speak on insurance coverage matters dozens of times at numerous international and domestic insurance conferences. He has also written extensively on insurance coverage matters and has had over forty (40) articles published in this field.

**Andrea DeField, Esq.:**

Ms. DeField is a Partner in Hunton's Insurance Coverage. She graduated from the University of Denver Sturm College of Law where she received accolades such as a tuition merit scholarship and the Scholastic Excellence Award in Contracts and Federal Courts. Ms. DeField is an active member in good standing of the Florida Bar and has exclusively practiced insurance coverage law since 2011. Ms. DeField has tried insurance coverage and bad faith cases to jury verdict and has handled appeals in state and federal courts across the country.

Ms. DeField has achieved national recognition for her work on behalf of policyholders, being named an "Elite Woman" by Insurance Business America, a "Next Generation Partner" by The Legal 500, a "Rising Star" in insurance by both Law360 and The Legal 500, and a recipient of the American Bar Association Young Lawyer Division's "On the Rise" Award. Ms. DeField has also been ranked by Chambers & Partners in Florida: Insurance for the last five years. She has extensive experience litigating liability and environmental insurance claims.

**Cary D. Steklof, Esq.:**

Mr. Steklof is Counsel in Hunton's Insurance Coverage Practice. He earned his J.D. from Washington University in St. Louis, where he graduated *cum laude* and was editor of the

Washington University Global Studies Law Review. Mr. Steklof is a member in good standing of the Florida Bar and has solely practiced in the insurance coverage field since graduating law school. Mr. Steklof's experience includes litigating cases regarding coverage disputes across the spectrum of insurance products and insurer bad faith and unfair insurance practices.

Mr. Steklof has also achieved national recognition for his work on behalf of policyholders being "Recommended For Insurance: Advice to Policyholders" by the Legal 500 in 2022 and recognized in the 2021 and 2023 editions of The Best Lawyers In America as One to Watch. Additionally, Mr. Steklof has been selected as a "Top Up and Comer" by the South Florida Legal Guide and selected to Florida Trend's "Legal Elite Up & Comers List" in 2019, 2021, and 2022. Mr. Steklof has extensive experience litigating complex insurance claims.

**Adriana A. Perez, Esq.:**

Ms. Perez is a Senior Associate in Hunton's Insurance Coverage Practice. She graduated from Vanderbilt Law School in 2017 where she was a Dean's Scholar. Ms. Perez is a member in good standing of the Florida Bar. Ms. Perez has represented policyholders in federal and state courts in insurance coverage, reinsurance, and other complex insurance litigation matters, including disputes regarding coverage under general liability and excess insurance policies.

Ms. Perez has spoken at national conferences regarding insurance coverage issues and co-authored several publications regarding insurance coverage and insurance coverage litigation. Ms. Perez was named to the National Association of Women Lawyers Rising Star List in 2023.

**Jae Lynn Huckaba, Esq.:**

Ms. Huckaba is an Associate in Hunton's Insurance Coverage Practice. Ms. Huckaba graduated *magna cum laude* from the University of Miami School of Law in 2021 where she served as the Student Notes and Comments Editor of the University of Miami Law Review. Ms. Huckaba

is a member in good standing of the Florida Bar. Ms. Huckaba focuses her practice on advising policyholders on insurance coverage matters across all lines of insurance, including general liability and excess insurance policies.

**Vivian Chapunoff:**

Ms. Chapunoff is a Senior Paralegal in Hunton's Insurance Coverage Practice. Ms. Chapunoff has over twenty-two years of experience as a paralegal and has managed discovery in civil litigation cases, prepared briefs and motions for filing, and analyzed and tracked invoices, payments, and reimbursement of invoices, including creation and management of complex spreadsheets. Ms. Chapunoff graduated from Florida International University with a Bachelors of Science and was a Florida Registered Paralegal with the Florida Bar from 2011 to 2021.[9]

> **iv.      U.S. Sugar's Counsel Charged a Reasonable Rate and Expended a Reasonable Number of Hours as Evidenced By Hunton's Invoices. [10]**

From the inception of this litigation through March 24, 2023, Mr. Andrews, Mr. Steklof, and Ms. Huckaba were the only attorneys prosecuting this case, compared to the four partners of record from Akerman (and an unknown number of associates and additional lawyers who were not identified on the pleadings). During this timeframe, the Court granted U.S. Sugar's Motion for Partial Judgment on the Pleadings on December 2, 2022 (ECF No. 42) and adjudicated the only coverage defense that AIG asserted before this lawsuit. Rather than accept that outcome and

---

[9] As the Court is aware, this is a complex case that involved hundreds of invoices from numerous legal vendors and experts. Ms. Chapunoff was instrumental in analyzing and processing these invoices in a way to ensure they were useful in this case and to the Court, as well as other tasks related to discovery, cite-checking, and other aspects that only a paralegal or attorney could do. Ms. Chapunoff's contributions to this case required legal skill and training. *C.f. Thompson v. Branch Banking & Trust Co.*, 2020 WL 7061558, at *3 (S.D. Fla. Nov. 10, 2020) (holding that purely clerical or secretarial tasks that require no legal skill or training are not recoverable); *Ortega v. Berryhill*, 2017 WL 6026701, at *2 (S.D. Fla. Dec. 5 2017) (same).

[10] With respect to the information required by Local Rule 7.3(a)(5)(B)-(D), please see the invoices attached to Steklof Decl. as Exhibit A.

attempt to resolve the dispute, the insurer elected to hire even more lawyers and pursue a host of novel coverage defenses and made clear it would not accept anything short of a trial.

With no alternative but to prepare for a trial (which AIG would later argue was unnecessary in its subsequent summary judgment motion), the demands of the case required U.S. Sugar to involve Ms. DeField and Ms. Perez to assist with numerous tasks surrounding pretrial motions and briefing, trial preparation, and dispositive motions. The five Hunton attorneys who had substantive responsibility for prosecuting U.S. Sugar's case is still fewer than AIG's four partners of record from Akerman, three lawyers of record from Dentons (two partners and one associate), and countless other lawyers that the insurer utilized behind the scenes to aggressively litigate this coverage case, notwithstanding its own admissions of coverage.

> **v.      The Attorneys' Fees Sought by U.S. Sugar are Reasonable as Counsel Utilized Its Standard Rates with a 10% Discount.**

Florida has adopted the federal lodestar approach as the starting point in calculating an award of attorneys' fees. *Bell v. US.B. Acquisition Co., Inc.*, 734 So. 2d 403, 406-07 (Fla. 1999) (discussing *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985)). The lodestar method requires this Court to first determine an attorney's reasonable hourly rate, and to multiply that rate by the number of hours reasonably expended. *See, e.g., Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994); *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *see also Harbaugh v. Greslin*, 365 F. Supp. 2d 1274, 1279 (S.D. Fla. 2005).

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Norman*, 836 F.2d at 1299. The Court may use its expertise and consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger*, 10 F.3d 781.

The standard rates used by a firm and customary rates used in an industry and geographical location are both appropriate indicia of reasonable rates. *See Laffey v. Northwest Airlines, Inc*., 746 F.2d 4, 24-26 (D.C. Cir. 1984) ("[W]hen fixed market rates already exist, there is no good reason to tolerate the substantial costs of turning every attorneys['] fee case into a major ratemaking proceeding. In almost every case, the firms' established billing rates will provide fair compensation.") (emphasis in original), overruled in part on other grounds by *Save Our Cumberland Mountains, Inc. v. Hodel*, 857 F.2d 1516 (D.C. Cir. 1988) (en banc)). In such cases, "[s]ubmission of invoices and billing records is [sufficient to] satisfy this burden." *Rumsey v. Department of Justice*, 866 F.3d 1375, 1379 (Fed. Cir. 2017).  Fees are reasonable if, as here, "they were fees that commercial parties would have included and paid knowing that they had to cover the outlay themselves." *Venture Inv. Props., LLC v. Scottsdale Ins. Co.,* 2017 WL 3822101, at *12 (M.D. Fla. Aug. 8, 2018), *report and recommendation adopted,* 2017 WL 3732006 (M.D. Fla. Aug. 30, 2017) (reviewing appraiser expenses under a reasonableness standard).

Hunton served as coverage counsel in the above captioned case. Steklof Decl. at ¶ 3. Hunton has served as U.S. Sugar's coverage counsel in several other insurance disputes and is thus extensively familiar with U.S. Sugar's business and insurance. Steklof Decl. at ¶ 4. As discussed above, each of U.S. Sugar's attorneys in this case specializes and has an expertise in insurance coverage work.

U.S. Sugar paid 90% of each of these attorneys' standard hourly rates for the work done in connection with this matter. Those rates are as follows:

| | |
|---|---|
| Mr. Andrews (Senior Partner) | $1,247.00/hr |
| Ms. DeField (Partner) | $932.00/hr |
| Mr. Steklof (Counsel) | $869.00/hr |
| Ms. Perez (Senior Associate) | $779.00/hr |

13

Ms. Huckaba (Associate)                    $536.00/hr.[11]

Steklof Decl. at ¶¶ 14, 17-20. The rates charged by the lawyers are within the standard range for the Miami and South Florida area. Indeed, in its Order resolving the instant matter, this Court stated that it did not find it appropriate to reduce the rates charged by Mayer Brown's senior attorneys. Their rates were $1,058 per hour, $995 per hour, and $932 per hour respectively – thus equal to or higher than all lawyers that worked on this case, save for Mr. Andrews, who has over forty years of experience. As this Court stated: "the South Florida legal market has changed drastically in the last several years. Miami in particular has developed into a national legal market. That top-end firms will be able to charge national hourly rates in South Florida, now, is an inevitable consequence of that development." While Mr. Andrews' rate is slightly higher than Mr. Bishop's at Mayer Brown, Mr. Andrews has several years more experience than Mr. Bishop and has already provided U.S. Sugar with a 10% discount off his standard rate. Further, like Mr. Bishop, Mr. Andrews has several clients that pay his standard rate. Steklof Decl. at ¶ 15. Accordingly, the rates charged by Hunton for its representation of U.S. Sugar are reasonable.[12]

### vi.        The Hours Expended by Hunton Were Reasonable.

The next step in the computation of the lodestar is ascertaining reasonable hours. *Norman,* 836 F.2d at 1301. To determine the number of hours reasonably expended, the Court should first look to "accurate records kept by counsel," *Aperm of Fla., Inc. v. Trans-Coastal Maint. Co.,* 505 So. 2d 459, 463 (Fla. 4th DCA 1987), detailing "the dates, amount, and specific services provided." *Nibbelink v. Wells Fargo Bank, NA. (In re Nibbe/ink),* 403 B.R. 113, 122 (Bankr. M.D. Fla. 2009);

---

[11] Senior paralegal Vivian Chapunoff's hourly rate for this matter is $333.00. Steklof Decl. at ¶ 21. The rate for the other attorneys and paralegals that assisted as needed are as follows: Ms. Faglioni (partner), $1,080.00; Ms. Hnatkiv (associate), $536.00; Ms. Weeks (associate), $729.00, and Ms. Boczkaj-Gonzalez (senior paralegal), $378.00. Further, research librarian Kerri-Ann Rudd has a rate of $378.00. Steklof Decl. at ¶ 22.

[12] U.S. Sugar is not seeking to recover Hunton's standard rate, even though there is law to support that it can do so. *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1337 (11th Cir. 2001) ("the agreed-upon fee rate does not necessarily act as a cap or ceiling in determining the reasonable hourly rate.").

*Nitram, Inc. v. Indus. Risk Insurers,* 154 F.R.D. 274, 277 (M.D. Fla. 1994) ("So long as the time entries for billing do not offend the court as being unnecessarily vague and ambiguous as to be deemed unconscionable, the requested fee award will be deemed reasonable."). Once provided, "the opponent of the fee has the burden of pointing out with specificity" which hours, if any, should be deducted. *Centex-Rooney Const. Co., Inc. v. Martin Cnty.,* 725 So. 2d 1255, 1259 (Fla. 4th DCA 1999).

To aid the Court in determining the hours reasonably expended in this litigation, redacted copies of the detailed time records of its counsel for this matter are attached to the Steklof Decl. at Exhibit A.[13] The time records for U.S. Sugar's counsel describe the tasks undertaken and are broken down by timekeeper and hourly rate.[14] The total number of hours expended in this case between February 1, 2023 and August 2, 2023 is 1,907.4 and the total fees incurred equals $1,526,593.40. Hunton had to expend so many hours litigating this case because of AIG's conduct during this litigation. For example, despite U.S. Sugar's win on its Motion for Judgment on the Pleadings, AIG filed *two* summary judgment motions on issues it had not previously raised in its pleadings. Similarly, even after the Court held that AIG had a duty to defend U.S. Sugar, AIG pressed forward demanding trial on damages rather than settling with U.S. Sugar. Additionally, AIG also raised a new legal issue at the eleventh hour in its unilateral pretrial stipulation. In order

---

[13] AIG's breach of its insurance contract gives rise to statutory and common law bad faith claims under Florida law, which will be prosecuted now that the coverage case has been fully resolved. The invoice redactions were made for work related to the bad faith claims that arose during the course of the coverage action, and these entries cannot be provided to AIG without risk of disclosing confidential and privileged information related to forthcoming litigation. At the Court's request, U.S. Sugar will gladly provide fully unredacted copies of its invoices for *in camera* review so the Court can verify the reasonableness of the work performed.

[14] As with any legal invoice, before these invoices were sent to U.S. Sugar for payment, Hunton reviewed them and made appropriate reductions to any time entries that may have reflected redundancies or higher-than-expected time on specific tasks.

to adequately respond to this new legal issue while preparing for trial, U.S. Sugar had to add Ms. DeField to the litigation team, which increased costs.

Nonetheless, Hunton worked efficiently under the conditions created by AIG. Thus, the Court should consider Hunton's records as *prima facie* evidence of the time reasonably required to advance U.S. Sugar's case. *Rumsey v. Dep't. of Justice*, 866 F.3d 1375, 1389 (Fed. Cir. 2017) ("Submission of invoices and billing records is how fee applicants routinely satisfy this burden of showing reasonable hours expended."). Further, the reasonableness of its fees is confirmed when the amount is considered in relation to the total that the Court deemed covered under the Policy. *GEICO v. General Ins. Co. v. Baena*, 2013 WL 12200597, at *7 (S.D. Fla. Mar. 22, 2013) (increasing the reasonable hourly rate of attorney because of the "excellent results he achieved."). After AIG denied coverage and insisted that it did not owe a single dollar in connection with this insurance claim, the Court held that the Policy covered $6,529,005.82 of defense expenses from the Underlying Lawsuit. Accordingly, after combining the attorneys' fees that AIG already paid ($533,738.08) with the remaining amount that U.S. Sugar seeks through this Motion ($1,526,593.40), Hunton's fees were *less than one-third* of the total covered amount.

Given all the factors discussed above and the fee amount incurred and paid by U.S. Sugar in relation to the final result, U.S. Sugar requests that this Court enter an award of the reasonable lodestar in the amount of $1,526,593.40.

       **vii.**       **U.S. Sugar is Entitled to $71,313.93 in Expenses.**

U.S. Sugar also requests that the Court enter an award of $71,313.93 for the expenses U.S. Sugar was required to incur to prosecute this case. These expenses account for (1) $70,264.49 in fees and costs for work performed from March 1, 2023 through August 2, 2023 for Mr. Scott

Hawkins (U.S. Sugar's expert witness), and (2) $1,049.44 for online legal research expenses.[15] U.S. Sugar is entitled to recover these expenses pursuant to Florida Statute § 627.428 because they are "a reasonable sum as fees or *compensation* for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had." Fla. Stat. § 627.428 (emphasis added).

Additionally, the Court should award U.S. Sugar these expenses because AIG has conceded U.S. Sugar's entitlement to them and paid them to U.S. Sugar (at least those expenses incurred prior to February 1, 2023, including expert fees) after acknowledging liability under the Policy. *See generally Albright v. Union Bankers Ins. Co.*, 105 F. Supp.2d 1330, 1334 (S.D. Fla. 2000) (holding that insurer was equitably estopped from taking a position regarding coverage for medication because it had already issued payment for medications). As discussed above, in its March 17, 2023 letter, AIG stated that it "will reimburse U.S. Sugar for the reasonable and necessary attorneys' fees and costs U.S. Sugar has incurred to date in the Coverage Lawsuit." U.S. Sugar sent AIG proofs of payment for (1) Hunton's invoices, including fees and expenses, through January 31, 2023 (totaling $533,738.08), and (2) Mr. Hawkins' invoices through February 28, 2023 (totaling $56,126.50). AIG issued payment for 100% of these amounts, including the expert fees and other litigation expenses, based on U.S. Sugar's proofs of payment. AIG's knowing payment of U.S. Sugar's expenses (including expert fees) concedes these amounts are contemplated within Fla. Stat. § 627.428, that these amounts are reasonable, and the Court should accordingly award the outstanding $71,313.93 for the same type of costs that AIG already paid.

**C.**     **If the Court is Inclined to Award Less than U.S. Sugar's Full Fees, it Should Compel AIG to Produce its Fee Invoices**

As part of its conferral, U.S. Sugar demanded that AIG produce its invoices for the coverage action because AIG objects to U.S. Sugar's entitlement to fees and the amount of fees

---

[15] Invoices supporting each of these expenses are attached to the Steklof Decl. as Exhibit B.

sought. AIG continues to refuse to provide same. Therefore, if the Court is inclined to award U.S. Sugar less than its full fees, U.S. Sugar requests the Court compel AIG to produce its invoices for the coverage action. *Paton v. GEICO Gen. Ins. Co.,* 190 So.3d 1047 (Fla. 2016) ("When a party files for attorney's fees against an insurance company pursuant to sections 624.155 and 627.428, Florida Statutes, as occurred here, the billing records of the defendant insurance company are relevant."); *Henson v. Columbus Bank & Trust Co.*, 770 F.2d 1566, 1575 (11th Cir. 1985) (district court abused its discretion in refusing to allow plaintiff discovery of defendant's records concerning hours expended and fees paid were reasonableness of plaintiff's fees was contested).

### D.    U.S. Sugar is Entitled to Pre-judgment Interest.

The Court has determined that U.S. Sugar is entitled to an award of $6,529,005.82 as damages. ECF No. 145. Thus, U.S. Sugar is also entitled to an award of pre-judgment interest on its damages. *See generally Regions Bank v. Maroone Chevrolet, L.L.C.*, 118 So. 3d 251, 257 (Fla. 3d DCA 2013) (citing *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 215 (Fla. 1985)); *Ins. Co. of N. Am. v. Lexow*, 937 F.2d 569, 571-72 (11th Cir. 1991)). The rate of pre-judgment interest is set by Fla. Stat. § 55.03. In insurance coverage actions, pre-judgment interest generally begins to accrue on the date payment is due under the policy. *Regions Bank*, 118 So. 3d at 257; *Owners Ins. Co. v. Hartford Fire Ins. Co.*, 884 So. 2d 382, 383 (Fla. 2d DCA 2004).[16] Here, AIG was required to provide an ongoing defense to U.S. Sugar after the Policy's $1,000,000 self-insured retention ("SIR") was satisfied. Thus, pre-judgment interest began accruing when U.S. Sugar exhausted the Policy's SIR and the underlying invoices were due. *See, e.g., Int'l Speedway Corp. v. Racing In-Sites, Ltd.*, 2014 WL 2894504, at \*9 (M.D. Fla. June 26, 2014) (awarding interest from the date invoices were due); *Lumbermens Mut. Cas. Co.*

---

[16] AIG has expressed that pre-judgment interest begins to run from the date the underlying invoice was paid by U.S. Sugar. However, this ignores that AIG was contractually required to pay these amounts when they became due.

*v. Percefull*, 653 So. 2d 389, 390 (Fla. 1995) ("[P]rejudgment interest is allowed in Florida for actions based on contract from the date the debt is due."). Per their terms, each of the invoices U.S. Sugar seeks reimbursement for became due on the date each was issued, with the exception of the invoices issued by Trinity Consultants, which became due 30 days after the invoice date. U.S. Sugar is happy to provide the Court with a proposed amount of prejudgment interest that it should be awarded once the Court enters judgment in favor of U.S. Sugar.

### E.   U.S. Sugar is Entitled to Pre-judgment Interest on Any Attorneys' Fees the Court Awards Pursuant to this Motion.

In Florida, policyholders are entitled to prejudgment interest on fees recovered under Fla. Stat. § 627.428. S*ee e.g. Hegel v. First Liberty Ins. Co.*, 2014 WL 5473185, at *1 (M.D. Fla. Oct. 23, 2014) (awarding pre- and post-judgement interest on award of attorneys' fees pursuant to Florida Statute § 627.428); *Cincinnati Equitable Ins. Co. v. Hawit*, 933 So.2d 1233, 1235 (Fla. 3d DCA 2006) (holding that pre-judgment interest on attorneys' fees awarded pursuant to Florida Statute § 627.428 should be calculated from date of entitlement); *see also Quality Engineered Installation Inc. v. Higley South*, 670 So.2d 929, 930–31 (Fla.1996) (pre-judgment "interest accrues from the date the entitlement to attorney fees is fixed through … court determination, even though the amount of the award has not yet been determined."). Thus, U.S. Sugar is entitled to an award of pre-judgment interest on its award of attorneys' fees beginning on August 3, 2023, the date the Court issued its order on the parties' summary judgment motion. On August 3, 2023, the per annum interest rate was 7.69%. Accordingly, U.S. Sugar is entitled to pre-judgment on its attorneys' fees for this action from August 3, 2023 at a per annum rate of 7.69%.[17]

---

[17] U.S. Sugar is happy to provide the Court with a proposed amount of pre-judgment interest on its attorneys' fees once judgment is entered in favor of U.S. Sugar.

**F.      U.S. Sugar is Entitled to Post-Judgment Interest.**

U.S. Sugar, as the prevailing party in this case, is statutorily entitled to post-judgment interest pursuant to 28 U.S.C. § 1961. *See also Ins. Co. of N. Am. v. Lexow*, 937 F.2d 569, 572 (11th Cir. 1991); *Cibao v. Lama*, 2009 WL 10668579, at *3 (S.D. Fla. Apr. 15, 2009). Thus, U.S. Sugar is entitled to pre-judgment interest on: (a) the $3,456,552.50 this Court held U.S. Sugar was entitled to (ECF No. 145); (b) attorneys' fees awarded pursuant to this motion; and (3) any pre-judgment interest awarded.

<u>**Conclusion**</u>

U.S. Sugar respectfully requests that the Court grant this motion and enter a final judgment that includes (1) $1,597,907.33 for the fees and expenses incurred U.S. Sugar to prosecute this litigation, (2) the fees incurred by U.S. Sugar in filing this Motion; (3) pre-judgment interest on the judgment awarded in the Court's Order and the Court's award of attorneys' fees; and (4) post-judgment interest.

<u>**Verification**</u>

I, Cary Steklof, counsel for U.S. Sugar, was personally involved in overseeing this action against AIG. I am authorized to make this statement on behalf of U.S. Sugar. I affirm that the information contained in this document is true and correct to the best of my knowledge.

/s/ *Cary D. Steklof*
Cary D. Steklof

<u>**Certificate of Conferral**</u>

Pursuant to Local Rule 7.1(a)(3) and 7.3(b), counsel for Plaintiff certifies that it conferred with Defendant's counsel regarding the relief sought in this motion. Despite the parties' efforts to resolve the issues raised in this motion, AIG opposes the relief sought in this motion. Specifically, it is AIG's position that U.S. Sugar is not entitled to recover all the fees and expenses it is seeking

to recover in this motion. Further, AIG has taken the position that U.S. Sugar is not entitled to prejudgment interest from the date the underlying invoices became due. AIG has not provided its position regarding whether U.S. Sugar is entitled to recover the post-judgment interest it seeks. Additionally, AIG has taken the position that it has complied with Local Rule 7.3(b) (it has not). A more fulsome summary of the conferral efforts and the parties' conferral can be found in the Steklof Decl. at ¶¶ 24(a)-(p).

Dated: October 2, 2023                    HUNTON ANDREWS KURTH LLP

                                          /s/ *Cary D. Steklof*
                                          Walter J. Andrews
                                          Fla. Bar No. 84863
                                          Cary D. Steklof
                                          Fla. Bar No. 86257
                                          Andrea L. DeField
                                          Fla. Bar No. 92344
                                          Adriana Perez
                                          Fla. Bar No. 1003306
                                          HUNTON ANDREWS KURTH LLP
                                          333 S.E. 2nd Ave., Suite 2400
                                          Miami, Florida 33131
                                          Tel: (305) 810-6407
                                          Facsimile: (305) 810-2460
                                          wandrews@HuntonAK.com
                                          csteklof@HuntonAK.com
                                          aperez@HuntonAK.com

                                          *Attorneys for Plaintiff*
                                          *United States Sugar Corporation*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on October 2, 2023, a true and correct copy of the foregoing was served by transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record.

/s/ *Cary D. Steklof*
Hunton Andrews Kurth LLP
