UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

UNITED STATES SUGAR
CORPORATION,

     *Plaintiff,*

v.

COMMERCE AND INDUSTRY
INSURANCE COMPANY,

     *Defendant.*

CASE NO.: 22-cv-21737-RNS

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
VERIFIED MOTION FOR ATTORNEYS' FEES AND EXPENSES**

Defendant Commerce and Industry Insurance Company ("C&I") responds in opposition to Plaintiff United States Sugar Corporation's ("U.S. Sugar") verified motion for attorneys' fees and expenses, and in support states as follows:

**BACKGROUND**

U.S. Sugar seeks to recover $2,187,771.91[1] in attorneys' fees and expenses – representing every dollar accrued by U.S. Sugar since the inception of this litigation – for this breach of an insurance contract case that lasted approximately one year.  U.S. Sugar's fee petition contravenes the well-established requirement that a prevailing party is entitled only to *reasonable* fees based on reasonable rates for the specific market, and that counsel must use billing judgment to exclude excessive, redundant, or otherwise unnecessary hours.  U.S. Sugar's failure to exercise prudence

---

[1] On May 15, 2023, C&I made a payment of $589,864.58 to U.S. Sugar, which included $533,738.08 for attorneys' fees and $56,126.50 for expert costs from the inception of the case through January 31, 2023.  When C&I made this payment, it expressly reserved the right to subsequently challenge the reasonableness of U.S. Sugar's attorneys' fees and expenses.  *See* ECF No. 149-1; *infra* at 3.

– by impermissibly requesting recovery of exorbitantly high fees for premature bad faith work, block-billed and vague entries, clerical work, and for issues U.S. Sugar wrongly pursued that significantly increased the cost of litigation – requires Court intervention to determine the appropriate fees recoverable here.

## ARGUMENT

I. **U.S. Sugar May Only Recover *Reasonable* Fees Under Section 627.428 and Eleventh Circuit Jurisprudence.**

U.S. Sugar relies on Section 627.428 as the basis of its entitlement to attorneys' fees, which directs that the prevailing insured be awarded "a *reasonable* sum as fees or compensation." *See* Fla. Stat. § 627.428 (2015) (emphasis added). "Section 627.428 must be strictly construed because an award of attorneys' fees is in derogation of common law." *Pepper's Steel & Alloys, Inc. v. United States*, 850 So. 2d 462, 465 (Fla. 2003). Accordingly, the plain and unambiguous language of Section 627.428 controls and unequivocally allows only an award of *reasonable* fees.

Eleventh Circuit precedent places the burden on U.S. Sugar to establish its fees as reasonable, and the Court – regardless of U.S. Sugar's attempts to circumvent a reasonableness analysis through contrived waiver arguments – is required to make a determination as to the reasonableness of U.S. Sugar's fees. *See Capitol Specialty Ins. Corp. v. Ortiz*, No. 17-23329-CIV, 2019 WL 383868, at *5 (S.D. Fla. Jan. 15, 2019), *report and recommendation adopted sub nom. Capitol Specialty Ins. Corp. v. Ortiz by & Through Corona*, No. 17-23329-CIV, 2019 WL 367916 (S.D. Fla. Jan. 30, 2019) ("An award must be reasonable and must fall within the guidelines for fee awards promulgated by the Eleventh Circuit. . . . It is consequently within a court's ultimate discretion to adjust the fees to an amount it deems proper according to the Eleventh Circuit's parameters."). "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive,

2

redundant, or otherwise unnecessary.'" *ACLU of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) ("Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.").

Here, U.S. Sugar flouts well-settled Florida law and contends that C&I has waived its right to contest fees or expenses because it previously paid a portion of U.S. Sugar's attorneys' fees and expenses in the midst of litigation. *See* ECF No. 151 at 18. This is baseless and demonstrates the extent to which U.S. Sugar will go to avoid an analysis of their unreasonable rates and fees. As previously articulated (*see* ECF No. 149), C&I reimbursed U.S. Sugar in good faith for its attorneys' fees and expenses following the Court's ruling on the question of coverage. In doing so, C&I expressly reserved "its rights to ensure that this claim or any future fee claims comply with Florida Statute 627.428." ECF No. 149 at 2. It would be perverse to punish C&I for paying a fee claim earlier in litigation, especially where it preserved its rights. Moreover, irrespective of the prior payment, Florida law requires the Court to determine the reasonableness of the fees at issue in the pre-February 2023 invoices. *See supra* at 2.

## II.   <u>Hunton Rates Are Unreasonably High and Must Be Reduced.</u>

In determining the appropriate hourly rate, the Eleventh Circuit sets forth that "[a] reasonable hourly rate is the prevailing *market rate* in the relevant legal community *for similar services* by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (emphasis added). "[T]he 'going rate' in the community is in actuality the most critical factor in determining a reasonable fee." *Martin v. Univ. of S. Alabama*, 911 F.2d 604, 610 (11th Cir. 1990). Here, U.S. Sugar's failure to provide comparable examples of the rates appropriate in the Southern District of Florida for a breach of an insurance contract case evidences

3

what is already made clear by the billing records – the rates charged by Hunton are not reasonable rates recoverable under Section 627.428.

As an initial matter, U.S. Sugar fails to meet its burden to establish its rates are reasonable because it does not cite a single case that provides what rates are reasonable in the Southern District of Florida for a prevailing party in an insurance contract dispute. *See Norman*, 836 F.2d at 1299 ("The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates."). U.S. Sugar's only "proof" is Mr. Steklof's declaration, but "[s]atisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." *See id*. (noting that "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate."). Further, U.S. Sugar improperly compares its rates to those charged by Mayer Brown's Chicago attorneys in the Underlying Lawsuit because U.S. Sugar can only recover reasonable rates for the Southern District of Florida for a prevailing party. *See Sos v. State Farm Mut. Auto. Ins. Co.*, No. 21-11769, 2023 WL 5608014, at *22 (11th Cir. Aug. 30, 2023) ("hold[ing] that the district court abused its discretion in setting the appropriate hourly rate" where "the district court ignored controlling law by expanding the reference market beyond Central Florida" and took a national market approach). The Court here determined that Mayer Brown's high rates were reasonable because the Underlying Lawsuit was "bet-the-company litigation" that "involved a specialty area of the law (environmental law)." *See* ECF No. 145 at 9-10. That is not the case for this routine insurance coverage dispute, where, unlike the Underlying Lawsuit, there was never any "existential threat" to U.S. Sugar's business, no novel issues that required specialty expertise, and there was only a single count for breach of contract that centered on a disagreement of policy interpretation of two endorsements. Additionally, the fees at issue now are to be awarded to a

*prevailing party*, which was not so for the Underlying Lawsuit.

"[I]n awarding fees to a prevailing party, this Court has long recognized that it cannot force the loser to pay for the luxury of unusually well-qualified counsel when the standard the Court must apply is designed to ensure nothing more than competent legal representation." *Soc. Life Network, Inc. v. Peak One Opportunity Fund, L.P.*, No. 21-21373-CV, 2023 WL 5053985, at *5 (S.D. Fla. July 20, 2023), *report and recommendation adopted*, No. 21-CV-21373, 2023 WL 5036606 (S.D. Fla. Aug. 8, 2023) (*citing Schultz v. Royal Caribbean Cruises, Ltd.*, No. 18-24023-CIV, Torres, Mag. J, [D.E. 216]). Comparing attorneys to either a Ferrari, a BMW, or a Ford Fusion, "a successful attorney fee applicant can only choose the Ford Fusion" because "[i]t is quite reliable, consistent, and effective for the task at hand, and will not break the bank." *Hermosilla v. Coca-Cola Co.*, 2011 WL 9364952, at *10 (S.D. Fla. July 15, 2011). "The Court's task in a fee petition is not simply to award what a local client could be willing to pay for a given superstar lawyer." *Soc. Life Network, Inc.*, No. 21-21373-CV, 2023 WL 5053985 at *6 (noting changes in the Miami legal market but nevertheless "adopt[ing] and incorporat[ing] the legal analysis set forth in detail in *Hermosilla* as to why a reasonable hourly rate for a fee award is not the same as a standard market rate for premium legal services."); *see Westchester Gen. Hosp., Inc. v. Evanston Ins. Co.*, No. 19-22831-CIV, 2021 WL 7542946, at *3 (S.D. Fla. Feb. 19, 2021) (reducing rates because "even if the Westchester's lawyers are outstanding . . . the requested rates are excessive for the South Florida legal market and for insurance matters."); *Beach Bars USA, LLC v. Indem. Ins. Corp. of DC*, No. 11-60883-CIV, 2015 WL 11422318, at *3 (S.D. Fla. May 6, 2015), *report and recommendation adopted*, No. 11-60883-CIV, 2015 WL 11401351 (S.D. Fla. July 31, 2015) (reducing rates and explaining "counsel's vast experience in the area may justify a party hiring counsel through a private agreement at $450 (or even more) but that does not mean that only a

$450 will be necessary to retain competent counsel with experience in insurance coverage litigation."). Although "willing sophisticated legal buyers may very well be willing to pay much higher rates for these individuals' work . . . [C&I] here never entered into that bargain. It is responsible only for a rate that represents the 'least amount necessary to litigate the case effectively.'" *Soc. Life Network, Inc.*, No. 21-21373-CV, 2023 WL 5053985 at *7 (quoting *Hermosilla*, 2011 WL 9364952, at *11).[2]

C&I proposes that the Court reduce Hunton's rates in accordance with reasonable hourly prevailing party rates in the Southern District of Florida for insurance disputes. Mr. Andrews' rate of $1,247 should be reduced to $600, which was the reasonable rate awarded in an insurance dispute for a managing partner involved in all aspects of a coverage case[3] with nearly thirty years of experience. *See Houston Specialty Ins. Co. v. Fontecilla*, No. 20-20725-CIV, 2023 WL 3570169, at *5 (S.D. Fla. Mar. 31, 2023) (Goodman, J.), *report and recommendation adopted*, No. 20-20725-CIV, 2023 WL 3568162 (S.D. Fla. May 19, 2023); Exhibit C. This is the highest rate allowed in the Southern District of Florida in the prevailing party context, especially where litigation partners with roughly thirty-five years of experience in complex cases (which this case is not) may only recover a range of $500-$700/hour. *See Soc. Life Network, Inc.*, No. 21-21373-

---

[2] Pursuant to Local Rule 7.3(a), C&I provides the declarations of Mr. Moskowitz (*see* Exhibit A) and Mr. Schroeder (*see* Exhibit B). C&I's attorneys' rates range from $390 to $940. U.S. Sugar will inevitably argue that its attorneys' rates are reasonable by pointing to C&I's attorneys' rates. This comparison falls flat. As Eleventh Circuit precedent makes clear, the rate a sophisticated legal buyer may be willing to pay does not dictate the least amount necessary to litigate the case effectively, which is the Court's task in a prevailing party fee petition. Accordingly, this Court should reject the inevitable comparison of Hunton's rates to Dentons' rates, as Florida law makes clear that U.S. Sugar is only entitled to recover rates for "competent legal representation" and not "superstar lawyer[s]."

[3] C&I notes that Mr. Andrews was not involved in all aspects of this case, as evidenced by the billing records. For example, he did not attend meet-and-confers, did not conduct or attend expert depositions, and did not attend the Court's latest hearing on October 16, 2023. *See* Exhibit C.

CV, 2023 WL 5053985, at *6 (noting that "[l]ower rates would be appropriate for less complex cases."). Ms. Faglioni (partner at $1,080/hour) only billed for work on the purported conflict with Dentons and therefore her fees are not recoverable. *See infra* at 9-11; Exhibit D. However, should the Court be inclined to award her fees, her rate should be reduced to $415. *See S.-Owners Ins. Co. v. Marquez*, No. 20-81431-CIV, 2022 WL 2651661, at *13 (S.D. Fla. July 8, 2022) ("$415 hourly rate is a reasonable rate in this [insurance dispute] for . . . the managing partner of a commercial litigation firm who has almost 20 years of experience"). For Ms. DeField (partner at $932/hour with 12 years experience) and Mr. Steklof (of counsel at $869/hour with 13 years experience), rates should be reduced to $375. *See Atain Specialty Ins. Co. v. Henry's Carpet & Interiors, Inc.*, No. 20-62089-CIV, 2021 WL 4976228, at *3 (S.D. Fla. July 12, 2021), *report and recommendation adopted*, 564 F. Supp. 3d 1265 (S.D. Fla. 2021) (awarding hourly rate of $375 to attorney with twelve years of experience who worked mostly on insurance-related disputes); Exhibits E, F.

The Court should also reduce the rates sought for Hunton's associates. Six-year and seven-year associates, Ms. Perez ($779/hour) and Ms. Weeks ($729/hour) respectively, should have their rates reduced to $325. *See St. Louis Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, No. 18-21365-CIV, 2019 WL 7905013, at *4 (S.D. Fla. Oct. 10, 2019), *report and recommendation adopted as modified*, No. 18-21365-CIV, 2020 WL 13049355 (S.D. Fla. Mar. 13, 2020) (finding $325 reasonable for a seventh-year attorney in an insurance case); Exhibits G, H. Notably, in 2022, a court reduced Ms. Perez's rate to $292.50. *See Lebbin-Spector Fam. Tr. by & through Lebbin v. Transamerica Life Ins. Co.*, 619 F. Supp. 3d 1212, 1215 (S.D. Fla. 2022). Similarly, in 2021, a court reduced Ms. Weeks' rate to $250/hour. *See Westchester Gen. Hosp., Inc. v. Evanston Ins. Co.*, No. 19-22831-CIV, 2021 WL 7542946, at *4 (S.D. Fla. Feb. 19, 2021). Second-year

associates Ms. Huckaba ($536/hour), Ms. Adams ($581/hour), and Ms. Hanrahan ($522/hour) should have their rates reduced to $300, where in a similar case involving "a declaratory judgment action on whether an insurer had a duty to defend or indemnify its insured, this Court found that an hourly rate of $300.00 was reasonable for an attorney with two years of experience." *See Houston Specialty Ins. Co.*, No. 20-20725-CIV, 2023 WL 3570169, at *5; Exhibits I, J, K. First-year associate Ms. Hnatkiv ($536/hour) should have her rate reduced to $200. *See Marquez*, No. 20-81431-CIV, 2022 WL 2651661, at *14 (awarding "a $200 hourly rate to be reasonable for an attorney with approximately one year of experience in South Florida"); Exhibit L.

Lastly, paralegal and librarian rates should be reduced to $100. *See Houston Specialty Ins. Co.*, No. 20-20725-CIV, 2023 WL 3570169, at *5 ("find[ing] the requested $240.00 paralegal hourly rate to be excessive" and awarding $100 for paralegals); *Oceania III Condo. Ass'n, Inc. v. Westchester Surplus Lines Ins. Co.*, No. 22-23681-CIV, 2023 WL 5959502, at *6 (S.D. Fla. Aug. 18, 2023) (Goodman, J.), *report and recommendation adopted*, No. 22-23681-CIV, 2023 WL 5959295 (S.D. Fla. Sept. 13, 2023) (awarding $100 for paralegals); *see also* Exhibits M, N, O, P.

## III.   Hunton's Hours Must Be Reduced to Reasonable Hours.[4]

### A.  U.S. Sugar Is Barred From Recovering Fees for Its Premature Bad Faith Claim.

U.S. Sugar cannot recover fees accrued for work related to its premature bad faith claim, which amounts to approximately 272.1 hours and $252,676.20 at U.S. Sugar's requested rates. *See* Exhibit Q.  Section 627.428 provides for fees associated with "prosecuting the suit in which

---

[4] C&I notes that Mr. Steklof's declaration does not account for fees in the Hunton invoice dated September 21, 2023.  For example, Mr. Steklof's declaration wrongly states that "[f]rom February 1, 2023 to August 2, 2023, Ms. Perez billed 413.4 hours . . ." ECF No. 151-1 ¶19.  However, Ms. Perez billed 413.4 hours through July 31, 2023 and billed an additional 1.9 hours for work completed on August 1 and 2, 2023.  Given that the additional time in the invoice dated September 21, 2023 seems to have been left off inadvertently, C&I has included those hours in its analysis.

the recovery is had" which would not include fees for a bad faith claim that the Court determined was premature in this breach of contract case.  *See* Fla. Stat. § 627.428 (2015); ECF No. 117 at 1 (the Court denied U.S. Sugar's motion for leave to amend its complaint to raise claims for bad faith because "US Sugar's bad-faith claims are not ripe.").  Indeed, Florida has a separate statute that allows recovery of such fees, Section 624.155, which contemplates recovery of "court costs and reasonable attorney fees" for bad faith claims "[u]pon adverse adjudication at trial or upon appeal."  *See* Fla. Stat. § 624.155.  However, under Section 624.155, U.S. Sugar's request is also premature because its bad faith claims have not been adjudicated.

Here, U.S. Sugar conducted extensive legal work related to bad faith, including drafting and unsuccessfully litigating a motion to amend the instant complaint to add a bad faith claim (*see* ECF No. 83), researching civil remedy notices and punitive damages, and analyzing a bad faith claim and bad faith damages.  *See* Exhibit Q.  Courts have denied similar requests to recover fees based on bad faith work in coverage actions.  *See Shelton v. Liberty Mut. Fire Ins. Co*., No. 8:12-CV-2064-T-30AEP, 2014 WL 631886, at *2 (M.D. Fla. Feb. 18, 2014) (rejecting fees "for time associated with preparing a bad-faith claim" because plaintiffs "cannot recover hours associated with a premature claim"); *Century Sur. Co. v. All Am. Lube of Boca, Inc.*, No. 21-CV-81935-AMC, 2023 WL 4972923, at *9 (S.D. Fla. June 1, 2023) ("Time spent preparing a civil remedy notice has been found to be premature in coverage dispute cases because the notice relates to an insured's bad-faith claim rather than the underlying coverage dispute.").  Accordingly, the Court should bar U.S. Sugar from recovering any fees for bad faith work.

**B.  U.S. Sugar May Not Recover Fees for Issues on Which It Did Not Prevail.**

When determining the fee award under Section 627.428, "the trial court . . . may take into account the fact that the insured . . . has not prevailed on all issues and the degree to which this has

extended the litigation or increased its costs." *Danis Indus. Corp. v. Ground Improvement Techniques, Inc.*, 645 So. 2d 420, 421 (Fla. 1994). "It is clear there was no legislative intent to award attorney's fees or costs under section 627.428, Florida Statutes (1997), for definitive claims and issues upon which the insured did not prevail." *Scottsdale Ins. Co. v. DeSalvo*, 748 So. 2d 941, 945 (Fla. 1999) (Overton, J., concurring). Moreover, "work on any unsuccessful claims is not deemed to have been expended in pursuit of the ultimate result achieved. . . . Therefore, an award to a prevailing party requires that any unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim." *Lane v. Cap. Acquisitions & Mgmt. Co.*, 554 F. Supp. 2d 1345, 1348–49 (S.D. Fla. 2008) (internal quotations omitted); *see also N. Dade Church of God, Inc. v. JM Statewide, Inc.*, 851 So. 2d 194, 196 (Fla. 3d DCA 2003) ("Attorney's fees should also not be awarded for an issue on which the moving party was unsuccessful.").

The Court should bar U.S. Sugar's recovery of fees on issues where U.S. Sugar did not prevail. *See Delta Health Grp. Inc. v. Royal Surplus Lines Ins. Co.*, 327 F. App'x 860, 865 (11th Cir. 2009) ("Florida law allows the district court to discount Delta's entitlement to attorney's fees under § 627.428 based on the fact that Delta lost on the second major issue in the case."). First, U.S. Sugar should not recover fees for work related to the purported Dentons' conflict, where U.S. Sugar did not prevail in its opposition to Akerman's motion to withdraw and significantly increased the cost of litigation through sustained correspondence and motion practice regarding the supposed conflict. Specifically, Hunton spent approximately 97.2 hours working on the purported conflict and U.S. Sugar incurred $103,106.20 in fees at U.S. Sugar's requested rates for that unnecessary work. *See* Exhibit R. In point of fact, when granting Akerman's motion to withdraw, the Court noted that "US Sugar does not provide any evidence supporting its allegation

of a conflict . . . and it has not filed an affirmative motion to disqualify the attorneys from Dentons." ECF No. 113 at 1. Indeed, the purported conflict was nothing more than another transparent attempt by U.S. Sugar to use C&I's litigation conduct to support a bad faith claim, as evidenced by their inclusion of the unsubstantiated conflict in its failed amended complaint. *See* ECF No. 83-1, ¶¶14-15, 138-43. Second, U.S. Sugar should not recover fees for any bad faith work given that its motion for leave to amend its complaint to raise claims for bad faith was denied because "US Sugar's bad-faith claims are not ripe." ECF No. 117 at 1; Exhibit Q. This is another independent reason to deny recovery of bad faith work in this insurance coverage action.

### C.  U.S. Sugar May Not Recover Fees for Administrative Work.

Time spent "performing clerical functions such as organizing files, copying documents, checking the docket, updating files, checking court dates and delivering papers" is not recoverable. *Century Sur. Co. v. All Am. Lube of Boca, Inc.*, No. 21-CV-81935-AMC, 2023 WL 4972923, at *9 (S.D. Fla. June 1, 2023); *Marquez*, No. 20-81431-CIV, 2022 WL 2651661, at *16 (finding that time spent "reviewing and updating calendars or reviewing the docket" is not compensable; *see* Exhibit S. Moreover, time spent communicating status updates to the client are unrecoverable. *Frank v. Paddy's Inheritance*, Inc., No. 0:14-CV-61312, 2015 WL 7720568, at *4 (S.D. Fla. Nov. 30, 2015). Here, U.S. Sugar is requesting reimbursement for at least 340.6 hours of administrative work, representing $196,996.50 at U.S. Sugar's requested rates. *See* Exhibit S. In particular, Ms. Chapunoff (*see* Exhibit M) and Mr. Steklof (*see* Exhibit C) engaged in substantial administrative work, none of which is recoverable. For example, Ms. Chapunoff spent hours compiling charts, working on databases, tracking documents, and updating task lists. Mr. Steklof spent hours updating the client, coordinating the filing of documents, and scheduling.

### D.  U.S. Sugar's Fees Should Be Reduced Based on Block-Billing And Vague, Excessive, and Duplicative Work.

"Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." *Beach Side Apts, LLC v. Neue Urb. LLC*, No. 22-CV-23694, 2023 WL 6534480, at *7 (S.D. Fla. Sept. 13, 2023).  A determination of the hours reasonably expended by counsel should exclude those hours which are "excessive, redundant or otherwise unnecessary."  *Wendel v. USAA Cas. Ins. Co.*, No. 808-CV-536-T-23EAJ, 2009 WL 1971451, at *3 (M.D. Fla. July 8, 2009) (citing *Norman*, 836 F.2d at 130).  As evidenced by the billing records, here, there was significant and overlapping billing.  For example, nearly all of the core group of timekeepers seemed to review each filing.  Moreover, there were timekeepers who worked on limited tasks and did not contribute meaningfully to the case because other timekeepers were doing the same work already.

In addition to excessive and duplicative billing, U.S. Sugar's attorneys engaged in impermissible block billing.  "When attorneys employ block billing, the Court cannot properly determine whether the hours billed are reasonable or not" and may reduce fees accordingly. *Beekman v. eXL Legal, PLLC*, No. 16-CV-80506, 2017 WL 3614386, at *5 (S.D. Fla. Aug. 11, 2017), *report and recommendation adopted*, No. 16-80506-CIV, 2017 WL 6947445 (S.D. Fla. Oct. 18, 2017).  Here, there were significant issues with block billing, especially by Mr. Andrews (*see* Exhibit C), Ms. DeField (*see* Exhibit E), Mr. Steklof (*see* Exhibit F), and Ms. Chapunoff (*see* Exhibit M).

C&I contends that where objectionable work, i.e. work regarding bad faith, the purported conflict, and administrative tasks, was captured in a block-billed entry, the entirety of the hours spent should be denied, as it is impossible for C&I or the Court to determine how much time was spent on the objectionable work versus on the other work in the block-billed entry.  *See Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1378 (M.D. Fla. 2010) (awarding no fees or

significantly reducing fees for block-billed entries where the "Court cannot cleanly divide time, either, where one block of time contains compensable and non-compensable tasks.").  There is no excuse for the failure to precisely narrate tasks given that, according to U.S. Sugar, the "lawyers that worked on this case dedicate 100% of their practice to insurance coverage law, and the core team of five lawyers that handled this case have over 63 years of combined insurance coverage law experience." ECF No. 151 at PDF 9.  Therefore, those attorneys knew (or should have known) that such block billing would pose a problem at this fee petition stage and U.S. Sugar should not be awarded a windfall at the expense of C&I.  *See Kearney*, 713 F. Supp. 2d at 1377–78 (explaining that "[w]hen attorneys include multiple tasks in a single time entry, courts cannot determine the amount of time spent on particular tasks").

Additionally, "[a] court may eliminate or reduce an award where a time entry is excessively vague." *Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d at 1379.  For example, Mr. Steklof has dozens of entries stating "address various issues related to upcoming litigation tasks" or the like. *See* Exhibit F.  Mr. Andrews routinely billed large chunks of time where he stated he was reviewing strategy regarding general litigation areas, e.g. mediation, litigation, and discovery.  *See* Exhibit C.  Similar to block billing, U.S. Sugar's vague narratives prevent meaningful review and analysis of the work completed.

Accordingly, rather than a line-by-line reduction, which is rendered impossible by the vague, block-billed entries, the Court should make an across-the-board reduction of at least 20 percent to the total requested hours.  *See Houston Specialty Ins. Co.*, No. 20-20725-CIV, 2023 WL 3570169, at *9 (applying a 30% across-the-board reduction in the prevailing party context for

similar issues).[5]

IV.     **U.S. Sugar Is Not Entitled to Costs Outside of 18 U.S.C. § 1920.**

"Federal courts can only tax costs outside of 18 U.S.C. § 1920 where a statute 'explicitly'

authorizes it to do so, or a court explicitly declares that the statute creates a substantive right to

costs." *Kearney v. Auto-Owners Ins. Co.*, No. 8:06-CV-00595-T-24, 2010 WL 3062420, at *2

(M.D. Fla. Aug. 4, 2010); *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445, (1987)

(holding that "absent explicit statutory or contractual authorization for the taxation of the expenses

of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. §

1821 and § 1920."). Here, C&I objects to the $71,313.93 of expenses requested in the fee petition

(ECF No. 151 at PDF 17-18) and $56,126.50 of expenses previously paid, which is for

computerized legal research and expert fees. *See Duckworth v. Whisenant*, 97 F.3d 1393, 1399

(11th Cir. 1996) (holding "computerized legal research . . . and expert witness fees . . . are clearly

nonrecoverable"). C&I does not object to $402 for the filing of the complaint, which could have

properly been requested in the bill of costs, which C&I paid in full. *See* ECF Nos. 147-48. There

is no basis for costs in Section 627.428, which only references "fees or compensation" and makes

no reference to costs. Fla. Stat. § 627.428. To the extent U.S. Sugar contends that expenses are

somehow "compensation," that interpretation is not supported by the plain language of the statute

or any interpreting case law. Further, even if expenses are compensation, U.S. Sugar is only

entitled to "fees *or* compensation," and not both.

V.     **U.S. Sugar Violated Local Rule 7.3(a) And C&I Complied With All Local Rule 7.3(b) Requirements.**

U.S. Sugar's conduct contravenes the good faith conferral requirement expressly set forth

---

[5] As this Court has already addressed, an across-the-board reduction is allowable. *See* ECF No. 145 at 8-9.

in Local Rule 7.3(a) and (b).  Rather than continuing to meet-and-confer in good faith with C&I, U.S. Sugar has sought to weaponize Local Rule 7.3 to manufacture a waiver argument and bolster its supposed bad faith claim.

U.S. Sugar violated Local Rule 7.3(a) by not providing its full set of invoices and by filing its motion before "a good faith effort to resolve the motion, as described in paragraph (b) below, ha[d] been completed."  U.S. Sugar filed its fee petition *before* providing all of its invoices, as required by Local Rule 7.3(a)(6), and did so while C&I's expedited motion to compel U.S. Sugar's invoices was pending.  Additionally, *before* U.S. Sugar filed its motion, C&I offered to extend time for U.S. Sugar to file its motion in order to allow further conferral, but U.S. Sugar never responded.  U.S. Sugar's failure to timely provide the invoices prejudiced C&I by delaying its review of the full set of invoices at issue in this case and impacted its ability to fully form and provide detailed objections before U.S. Sugar's motion was filed.

In direct contravention of Local Rule 7.3(a) and (b), at no point since September 12, 2023 (the first meet-and-confer) has U.S. Sugar given a position as to any of C&I's objections.  Indeed, while the parties have communicated on approximately twenty-eight separate days from September 1, 2023, including two video conferences, U.S. Sugar has never advised C&I whether it intended to agree to reduce fees or maintained that all its fees were recoverable.  As evidence of U.S. Sugar's gamesmanship and refusal to confer in good faith, rather than communicating with C& about its specific objections or the entries identified, U.S. Sugar repeatedly threatened C&I with waiver throughout conferral in lengthy emails that serve no purpose and did nothing to narrow issues before the Court.  *See* Exhibit T.  U.S. Sugar's failure to set forth its positions has prejudiced C&I because C&I is unsure whether U.S. Sugar still seeks all of the fees at issue in its motion.

Moreover, C&I complied in good faith with Local Rule 7.3(b), and U.S. Sugar's strained

attempts to demonstrate otherwise is a red herring to distract the Court from the unreasonable nature of accruing over $2 million in fees. Instead of engaging in a good faith effort to narrow the issues before the Court, U.S. Sugar has misconstrued Local Rule 7.3(b) in another contrived attempt to circumvent the Court's reasonableness analysis and prejudice C&I. There are two main requirements for a respondent and C&I complied with both.

First, Local Rule 7.3(b) requires the parties to confer in good faith within 21 days of service of the draft motion regarding entitlement and amount of fees awardable. C&I emailed U.S. Sugar within 7 days of service of the draft motion, on September 8, 2023, to schedule a meet-and-confer. *See* Exhibit T. The parties met just four days later on September 12, 2023. At that meeting, C&I set forth categories it contended were objectionable (e.g. bad faith fees and fees for the purported conflict) and asked various questions to better understand U.S. Sugar's draft motion, which U.S. Sugar did not answer until 9 days later on September 21, 2023. C&I gave a formal position as to whether it would challenge U.S. Sugar's entitlement to fees or the amount sought the very next day.

Second, Local Rule 7.3(b) further requires that C&I "describe in writing and with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority." C&I did exactly that, multiple times. More specifically, although C&I was still not in possession of all invoices, C&I provided detailed objections on September 29, 2023. *See* Exhibit T-8. C&I subsequently provided updated objections on October 11 (*see* Exhibit T-12) and October 24 (*see* Exhibit T-15).[6]

---

[6] While unclear, it appears the basis of U.S. Sugar's hyper-technical waiver argument is to jam together the 21-day requirement for the meet-and-confer in the first sentence of Local Rule 7.3(b) with the writing requirement for objections in the second sentence of the same Rule. There is no precedential (or grammatical) support for applying the 21-day timeframe to the written-objection requirement.

Regardless, the Court should assess C&I's objections because U.S. Sugar has suffered no prejudice. *See DJ Lincoln Enterprises, Inc. v. Google, LLC*, No. 20-CV-14159, 2022 WL 4287640, at *9 (S.D. Fla. July 28, 2022), *report and recommendation adopted*, No. 2:20-CV-14159, 2022 WL 3754182 (S.D. Fla. Aug. 30, 2022) ("reject[ing] Google's contention that DJ Lincoln's violation of Local Rule 7.3(a) and (b) automatically entitles Google to recover all of its fees"); *Hard Rock Cafe Int'l USA, Inc. v. RockStar Hotels, Inc.*, No. 17-CV-62013, 2019 WL 3412155, at *2 n.4  (S.D. Fla. May 20, 2019), *report and recommendation adopted*, No. 17-CV-62013, 2019 WL 3408888 (S.D. Fla. June 4, 2019) (explaining that "it is within the court's discretion whether to require strict compliance with Local Rule 7.3" and "[t]his is especially appropriate where 'the party seeking denial of the Motion has identified no prejudice suffered from the alleged local rules violation.'").  U.S. Sugar has suffered no prejudice, where the Court *sua sponte* extended the briefing on the fees' petition to address U.S. Sugar's refusal to provide a complete set of invoices, where the parties have continued to confer, and where C&I has agreed to additional time and pages for U.S. Sugar to reply.  Moreover, no court has found waiver where, as here, the respondent engaged in a meet-and-confer by video conference within 21 days, exchanged various emails with the movant (including making multiple requests for an explanation of questions or issues with objections), engaged in a second hour-and-a-half long meet-and-confer, provided three detailed and organized written breakdowns of its objections that identified entries at issues and supporting authority, and offered to agree to an extension of time to give the movant additional time to assess objections.  *See* Exhibit T.  Additionally, the same cases finding waiver,[7]

---

[7] All of the cases cited by U.S. Sugar are distinguishable because they involve complete failure to confer and provide a writing, which is not the situation here, where, at worst, C&I attempted in good faith to comply and has continued to do so.  *See Taverna Imports, Inc. v. A&M Wine & Spirits, Inc.*, No. 15-24198-CIV, 2019 WL 12446711, at *1-2 (S.D. Fla. Oct. 2, 2019) (reducing fees by 50% after respondent failed to provide any writing of its objections pursuant to Local

as shown below, also do not involve a plaintiff, like U.S. Sugar here, that never provided a position on any of C&I's objections and refused to provide its own invoices.  Indeed, it is telling of U.S. Sugar's intentions that *before* conferrals even began, U.S. Sugar's own draft motion already provided that "U.S. Sugar has attempted to confer with AIG regarding its entitlement to fees and the amount sought, but AIG has refused to provide any response." *See* Exhibit T-1 at PDF 8.

Regardless of C&I's compliance, "the Court has a duty to ensure [U.S. Sugar's] request for attorneys fees is reasonable." *Barrera v. Officina, Inc.*, No. 10-21382-CIV, 2012 WL 692212, at *1 (S.D. Fla. Mar. 2, 2012).  "[T]he Court has an independent obligation to review fee motions and bills of costs to independently determine whether the hourly rates sought are reasonable, the number of attorney hours sought are reasonable, and that the costs sought to be taxed are properly taxable pursuant to the cost statute." *Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1325 (S.D. Fla. 2015); *see also Houston Specialty Ins. Co.*, No. 20-20725-CIV, 2023 WL 3570169, at *3.  In light of C&I's good faith attempts at conferral, "the Court should exercise its discretion and consider the reasonableness of the plaintiff's fee request." *See Carnival Corp. v. McCall*, No. 18-24588-CIV, 2021 WL 2338647, at *5 (S.D. Fla. Apr. 26, 2021), r*eport and recommendation adopted*, No. 18-CV-24588, 2021 WL 2333102 (S.D. Fla. June 8, 2021).

## VI.    U.S. Sugar Is Not Entitled to Collect a Windfall on Interest.[8]

### A.  Prejudgment Interest Accrued From the Date U.S. Sugar Paid Invoices.

---

7.3(b) and then failed to describe in writing and with reasonable particularity objectionable entries and provide legal authority pursuant to Local Rule 7.3(a)); *Club Madonna, Inc. v. City of Miami Beach*, No. 1323762CIVLENARDGOOD, 2015 WL 5559894, at *9 (S.D. Fla. Sept. 22, 2015) (awarding fees, if otherwise reasonable, after failing to provide any written objections); *Norych v. Admiral Ins. Co.*, No. 08-60330-CIV-ALTONAG, 2010 WL 2557502, at *2 (S.D. Fla. June 23, 2010) (denying motion for fees where the movant did not serve its draft motion within 30 days and did not confer with within 21 days).

[8] C&I previously made an interest payment to U.S. Sugar of $348,925.39.

C&I does not oppose U.S. Sugar's entitlement to prejudgment interest on Defense Expenses and attorneys' fees but contests U.S. Sugar's position that it is due interest when invoices were due, as opposed to the date invoices were paid.  "The key to the calculation of prejudgment interest is the date of the loss." *Allstate Ins. Co. v. Palterovich*, 653 F. Supp. 2d 1306, 1328 (S.D. Fla. 2009) ("With respect to their claims arising under Florida law, Plaintiffs are due prejudgment interest for each payment they made to Defendants beginning on the date of each loss, or in other words, *on the date that each payment occurred*.") (emphasis added).  "[W]hen prejudgment interest is proper, it is to be awarded from the date of the plaintiff's actual loss, be that loss a diminution in the value of the plaintiff's property, *a payment the plaintiff has made to a third party*, or some other form of pecuniary loss for which prejudgment interest is authorized." *Arizona Chem. Co., LLC*, 197 So. 3d at 104 (Fla. 1st DCA 2016) (emphasis added).  Here, U.S. Sugar's prejudgment interest accrued when U.S. Sugar paid its invoices, not when the invoices became due, as U.S. Sugar wrongly contends.  If the Court awards prejudgment interest based on the invoice date, U.S. Sugar will be awarded a windfall by obtaining additional interest *before* it made any payments.  *See id.* at 102 ("Under the loss theory, the purpose of awarding prejudgment interest is to make the plaintiff whole.  Thus, an award of prejudgment interest is not an opportunity for the plaintiff to obtain a windfall or for the court to penalize the defendant.").

### B.  U.S. Sugar Is Not Entitled to Post-Judgment Interest on Prejudgment Interest.[9]

According to the Eleventh Circuit, "[b]ecause prejudgment interest serves only to compensate the plaintiff for the deprivation of the use of the principal loss . . . such compensation is fixed at the time of judgment.  Therefore, ordering postjudgment interest on prejudgment interest

---

[9] C&I reserves its right to challenge U.S. Sugar's methodology and calculations for post-judgment interest, which have not yet been shared with C&I.

would overcompensate for the deprivation." *Becker Holding Corp. v. Becker*, 78 F.3d 514, 517 (11th Cir. 1996). Accordingly, U.S. Sugar may not recover interest on interest.

**VII.** **U.S. Sugar Is Not Entitled to Recover Fees Related to This Motion.**

Florida law is well-settled: "statutory fees may be awarded for litigating the issue of entitlement to attorney's fees *but not the amount of attorney's fees* comports with the purpose of section 627.428 and with the plain language of the statute." *State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830, 833 (Fla. 1993) (emphasis added); *N. Dade Church of God, Inc. v. JM Statewide, Inc.*, 851 So. 2d 194, 196 (Fla. 3d DCA 2003). "*Palma* has been consistently followed and interpreted in a like manner before Florida's appellate courts as well as other federal cases applying Florida law." *GateArm Techs., Inc. v. Access Masters*, LLC, No. 14-62697-CIV, 2021 WL 7540774, at *4 (S.D. Fla. July 12, 2021) (rejecting defendant's attempt to recover fees for litigating the amount of fees). Accordingly, U.S. Sugar may not recover fees on top of its attempt to recover fees.

## CONCLUSION

Accordingly, this Court should reduce Hunton's rates to reasonable rates for a prevailing party in the Southern District of Florida and further reduce the fees U.S. Sugar seeks to recover as the prevailing party in this action. The Court should deny U.S. Sugar's waiver arguments, deny U.S. Sugar's attempt to achieve a windfall in interest, and deny U.S. Sugar's request for improper fees on fees.

Dated: October 30, 2023                     Respectfully submitted,

                                            */s/ Keith Moskowitz*

                                            **DENTONS US LLP**
                                            Keith Moskowitz*
                                            Illinois Bar No. 6274101
                                            Timothy Storino*

Illinois Bar No. 6287489
Leandra L. Lopez
Florida Bar No. 1035458
1 Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
Telephone: 305-390-4624
Primary: keith.moskowitz@dentons.com
Primary: timothy.storino@dentons.com
Primary: leandra.lopez@dentons.com
*Admitted pro hac vice*

*Counsel for Defendant Commerce and Industry
Insurance Company*

### CERTIFICATE OF SERVICE

I certify a true and correct copy of the foregoing document was sent to all counsel of record

via CM/ECF on October 30, 2023.

*/s/ Leandra L. Lopez*