United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States Sugar Corporation, Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 22-21737-Civ-Scola ) |
| Commerce and Industry Insurance Company, Defendant. | ) ) ) |

### Order on Plaintiff's Motion for Entry of Default

The Plaintiff's motion (**ECF No. 236**) for entry of default is **denied**. Local Rule 7.1(a)(3) requires a party filing a motion in a civil case to first confer with all parties or non-parties who may be affected by the relief sought in a *good-faith effort to resolve by agreement the issues raised in the motion.* The filing party must then include in the motion a statement explaining to the Court that (1) all or some of the issues raised in the motion are unopposed; (2) the parties conferred but could not agree on all or some of the issues raised in the motion; or (3) the party diligently attempted to confer but was unable to reach the opposing counsel. S.D. Fla. L.R. 7.1(a)(2). The purpose of the rule is to ensure judicial economy, prevent courts from wasting time evaluating issues the parties might be in agreement on, inform the Court as to whether it must wait for a response from the opposing party before deciding the motion, and, importantly, force the parties to engage in the *meaningful* exchange of information and viewpoints. *See, e.g., Aguilar v. United Floor Crew, Inc.*, No. 14-CIV-61605, 2014 WL 6751663, at *1 (S.D. Fla. Dec. 1, 2014) (Bloom, J.).

Here, the Plaintiff seeks the disfavored remedy of entry of default because the Defendant was two weeks late in answering the Plaintiff's first amended complaint. (Pl.'s Mot., ECF No. 236.) Prior to the Plaintiff filing this motion, the Defendant explained to the Plaintiff its good-faith belief that its answer was not due because of the Court's deferral of the entry of a scheduling order until after the parties completed the Court-ordered mediation. (Def.'s Resp., ECF No. 238-1, at 2.) The Defendant even suggested that it could seek clarification from the Court should the Plaintiff had a different view on the Defendant's deadlines. (*Id.*) Yet only seven minutes later, the Plaintiff informed the Defendant that it would file its motion, despite Local Rule 7.1(a)(2) requiring the parties to engage in good-faith efforts to resolve issues without Court intervention.

Such good-faith efforts would likely have led to a solution by the parties. While the Plaintiff is likely correct that, technically, the Defendant was late in

filing its answer to the First Amended Complaint, the Defendant had a reasonable explanation for its tardiness. And, perhaps more importantly, the Plaintiff does not even attempt to argue that it suffered any prejudice from the Defendant's inadvertent delay. *See Kilpatrick v. Town of Davie*, No. 08-60775-CIV, 2008 WL 3851588, at *2 (S.D. Fla. Aug. 15, 2008) (Marra, J.) (vacating an entry of default because, in part, "[t]he Court can find no argument or evidence to suggest that Plaintiff would be materially prejudiced, and Plaintiff has articulated no prejudice to its case other than delay"). Moreover, the Defendant acted "in a reasonable time to respond" to the First Amended Complaint once it realized its mistake. *Id.* at *2. Under these circumstances, there is no need for an entry of default.

Finally, the Plaintiff argues that "[i]f the Court declines to grant default at this juncture, [the Defendant's] Answer is still procedurally improper under the Rules and should be stricken." (Pl.'s Reply, ECF No. 240, at 3-4.) Given the Plaintiff's lack of good-faith effort to solve the issues raised in its motion before its filing, and the Defendant's representation to the Plaintiff that it would have sought clarification from the Court in lieu of the Plaintiff filing this motion, the Court excuses the Defendant's arguably improperly filed answer. *See Smith v. Psychiatric Sols.*, 750 F.3d 1253, 1262 ("District courts have 'unquestionable' authority to control their own dockets. This authority includes 'broad discretion in deciding how best to manage the cases before them.'" (citations omitted)).

The Plaintiff's motion (**ECF No. 236**) is **denied**.

**Done and ordered** in Miami, Florida, on January 14, 2025.

_____
Robert N. Scola, Jr.
United States District Judge